AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Fadi Khalil BAZZI<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case:2:13-mj-30494
Judge: Unassigned,
Filed: 08-12-2013 At 01:45 PM
SEALED MATTER (cjb)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___12/30/2008 and 07/06/2009___ in the county of ___Wayne___ in the ___Eastern___ District of ___Michigan___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1425(a) and 18 USC 1621 (1). | attempted to procure U.S. citizenship contrary to law by knowingly and willingly subscribing as true false statements with respect to material facts in applications, affidavits, or other documents required by immigration laws or regulations of the United States. These false statements were made knowingly and willingly by certification and under oath under penalty of perjury under the laws of the United States. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Arkin G. Fout, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___8/12/13___

_____
*Judge's signature*

City and state: ___Detroit, Michigan___

Mona K. Majzoub, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Arkin G. Fout, being duly sworn, depose and state the following:

1. I am a Special Agent of the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI). I have been so employed since March 10, 2003. I am a graduate of the Federal Law Enforcement Training Center at Glynco, Georgia. I have attended and successfully completed the following training programs while at the Federal Law Enforcement Training Center:

   - Immigration Officer Basic Training Course/Integrated Police Training
   - Immigration and Customs Enforcement Special Agent Training
   - Criminal Investigator Training Program

   I have also completed specialized training courses pertaining to conducting national security investigations, including counterterrorism, counterintelligence, and foreign intelligence collection matters.

   My official duties include conducting investigations involving violations of any Federal laws within the jurisdiction of the U.S. Department of Homeland Security (DHS), as well as any other offense committed against the United States.

2. This affidavit is being submitted in support of the issuance of a criminal complaint against Fadi Khalil BAZZI charging a violation of 18 U.S.C. § 1425(a) (Attempted Naturalization Fraud) and 18 U.S.C. § 1621(1) (Perjury).

3. The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all information collected during this investigation. This affidavit is, in part, based upon information relayed to me by other law enforcement officers, my review of the Department of Homeland Security Alien Registration File (A-File) relating to BAZZI, witness interviews, review of documents and other information obtained during the course of this investigation. My familiarity with the facts of this investigation, my prior investigative experience, and the experience of other law enforcement agents who are participating in this investigation and who have participated in other similar investigations, serve as the bases for the statements, opinions and conclusions set forth herein. However, the facts set forth in this affidavit are done so to establish probable cause and are not necessarily a complete accounting of the investigation.

1

## BAZZI' Immigration History

4. On June 17, 1997, BAZZI, a native and citizen of Lebanon, and Dina Ismail CHABBANI, a U.S. citizen, were married in Beirut, Lebanon.

5. After their marriage, CHABBANI filed a visa petition for BAZZI so that he could immigrate to the United States, which the Immigration and Naturalization Service (INS) approved on October 06, 1997.

6. On March 1, 1998, BAZZI filed an application for an immigrant visa based on the approved visa petition.

7. In his immigrant visa application, BAZZI was asked if he was, "[a]n alien convicted of, or who admits to committing a crime involving moral turpitude…[212(a)(2)]." He answered "no" to this question.

8. BAZZI was also asked in his immigrant visa application if he was "[a]n alien who seeks or has sought a visa, entry into the United States, or any U.S. immigration benefit by fraud or misrepresentation." He answered "no" to this question.

9. Finally, BAZZI was asked in his immigrant visa application,"[h]ave you ever been arrested, convicted or ever been in a prison or almshouse..." Again, he answered "no" to this question.

10. BAZZI signed and swore to the truth of the answers contained within his immigrant visa application on March 1, 1998.

11. In support of his immigrant visa application, BAZZI submitted what purported to be an English translation of a document from the "Lebanese Republic, General Department of Interior Security Forces, Judicial Police," dated "19/6/1997." The translation lists BAZZI's name and other biographical information on it. It is captioned "POLICE RECORDS" and it states the words "NOT CONVICTED."

12. On March, 24, 1998, BAZZI's application for an immigrant visa was approved, and, two days later, BAZZI was admitted to the United States at Newark, New Jersey as the conditional resident alien spouse of CHABANNI, a United States citizen.

13. On, September 4, 1998, BAZZI and CHABBANI obtained an Islamic divorce issued through the Islamic Center of America. On December 6, 1999, BAZZI and CHABBANI obtained a Consent Judgment of Divorce in the Wayne County Circuit Court at Detroit, Michigan.

2

14. On April 5, 2000, BAZZI filed a Petition to Remove the Conditions on Residence and thereby become a lawful *permanent* resident. On that form, he certified under the penalty of perjury that his marriage to CHABBANI was, "entered in accordance with the laws of the place where the marriage took place, and was not for the purpose of procuring an immigration benefit….." This petition was denied on August 9, 2013.

15. On December 30, 2008, BAZZI filed an Application for Naturalization-(Form N-400), seeking to become a United States citizen, which he signed under the penalty of perjury.

16. BAZZI was asked in his Application for Naturalization the following questions:

    - Have you ever been arrested, cited, or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?
    - Have you ever been charged with committing any crime or offense?
    - Have you ever been convicted of a crime or offense?
    - Have you ever been placed in alternative sentencing or a rehabilitative program (for example diversion, deferred prosecution, withheld adjudication, deferred adjudication)?
    - Have you been in jail or prison?

    BAZZI answered "No" to each of these questions.

17. BAZZI was also asked in his Application for Naturalization: "Have you ever given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion or removal? He answered "no" to this question.

18. He was similarly asked in his Application for Naturalization: "Have you ever lied to any U.S. government official to gain entry or admission into the United States?" He also answered "no" to this question.

19. On July 6, 2009, BAZZI was interviewed by a U.S. Citizenship and Immigration Services officer, under oath, about the answers he had given to each of the above questions. He was given the chance to make changes to his application, but, while making other changes, he did not choose to change any of his answers to the questions mentioned above.

20. At the interview, BAZZI again signed his Application for Naturalization under the penalty of perjury.

3

21. On or about January 30, 2013, HSI special agents interviewed Dina SAAD (nee CHABBANI), BAZZI's former spouse regarding her marriage to BAZZI. During this interview SAAD admitted that she was pressured into marrying BAZZI to help him "with papers." SAAD also admitted that she and BAZZI never lived together as husband and wife and never consummated the marriage. As such, BAZZI was not *lawfully* admitted for conditional residence to the United States.

## BAZZI's Criminal History

22. In fact, BAZZI's criminal history is not as he represented on his immigrant visa paperwork or his Application for Naturalization. The INS received information from the International Criminal Police Organization (INTERPOL) that an individual with BAZZI's identity was convicted and sentenced as follows:

> "On 28/04/93, to Five Years Imprisonment by Criminal Court, Beirut, For Theft.

> "On 08/03/95, to Five Years Imprisonment with Hard Labour, by Highest Penal Court of Appeal for Theft."

23. The INS obtained copies of the booking photograph and the fingerprints from the above conviction records and HSI subsequently also obtained a certified record of the conviction itself, which allegedly relate to BAZZI.

24. A known exemplar of BAZZI's prints taken from INS records, and the fingerprint record from Lebanon allegedly containing BAZZI's fingerprints were sent to the Forensic Document Laboratory (FDL) to determine whether the fingerprints belonged to the same individual. The FDL indicated that prints taken from BAZZI by the INS and the print received from the Lebanese conviction records "were made by one and the same person."

25. On or about June 13, 2001, INS special agents interviewed BAZZI, in the presence of his immigration attorney. During the course of this interview, BAZZI was shown a photograph and asked to identify the person in the photograph. BAZZI identified himself as the individual in the photograph and explained that the photo was taken when he was in jail.

26. In addition to his Lebanese criminal history, BAZZI was convicted in the 17th District Court in Redford, Michigan of the offense of Retail Fraud 3rd Degree on or about August 21, 2002. As with his Lebanese criminal history, BAZZI failed to disclose this conviction in his Application for Naturalization.

4

27. BAZZI's criminal history and his answer's about it were material to a determination about whether his Application for Naturalization could be approved because it had a natural tendency to influence the agency's decision about whether BAZZI had the requisite good moral character to become a United States citizen, a statutory requirement. The same is true of his answers about providing false information and lying to the United States government.

Based upon the foregoing, there is probable cause to believe that Fadi Khalil BAZZI attempted to procure United States citizenship, contrary to law, in violation of Title 18, United States Code, Section 1425 (a) and that he did commit perjury, in violation of Title 18, United States Code, Section 1621(1).

Arkin G. Fout
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
this 12th day of August 2013.

Hon. Mona K. Majzoub
United States Magistrate Judge

5