UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Untied States,

   Plaintiff,

v.

Fadi Bazzi, a/k/a Fadi Khali Bazzi,

   Defendant.
_____/

Case No. 13-20893

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF NOLO CONTENDERE PLEA AND CONVICTION [24] AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM INTRODUCING FINGERPRINT EVIDENCE [29]**

  The Government has charged Defendant Bazzi with violating 18 U.S.C. § 1015 (a) (False Statement in a Naturalization Proceeding) (two counts) and 18 U.S.C. § 1001(a)(2) (False Statements) for allegedly false statements that Defendant made in 2009 in his Application for Naturalization and in 2013 during a Department of Homeland Security investigation. On May 19, 2014, the Court held hearing on three motions in limine. At the hearing, the parties indicated that they had resolved the Government's motion in limine requesting pre-trial conditional admission. (Dkt. 27.) On the record, the Government withdrew its motion. The Court then heard argument on Defendant's two motions. (Dkt. 24, 29.) For the reasons stated on the record at the hearing, and for the reasons set forth below, the Court DENIES Defendant's motion to exclude evidence of the nolo contendere plea and conviction and DENIES without PREJUDICE Defendant's motion to preclude the Government from introducing fingerprint evidence.

**I.     Background**

Defendant is a Lebanese native and citizen. He immigrated to the United States on March 26, 1998.

Around December 16, 2008, Defendant signed an Application for Naturalization under penalty of perjury and dated it. Roughly two weeks later, Defendant filed the application with USCIS. In his application, Defendant answered "no" to the following criminal history questions:

- Have you ever been arrested, cited, or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?
- Have you ever been charged with committing any crime or offense?
- Have you ever been convicted of a crime or offense?
- Have you been in jail or prison?

Defendant also answered "no" to the following immigration history questions:

- Have you ever given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion or removal?
- Have you ever lied to any U.S. government official to gain entry or admission to the United States?

On July 6, 2009, a USCIS immigration officer interviewed Defendant about his application and Defendant affirmed his negative responses to the above questions.

The indictment alleges that Defendant lied in the application and during the interview. The Government states that Defendant had actually been in jail in Lebanon. The

Government further states that Defendant had previously been arrested, charged, and convicted for committing retail fraud in Redford, Michigan.

On August 12, 2013, the Government states that Department of Homeland Security criminal investigators interviewed Defendant, and Defendant again stated that he had not been arrested either in Lebanon or in the United States.

## II. Defendant's motion in limine to exclude evidence of nolo contendere plea and conviction

On August 15, 2002, Defendant entered a nolo contendere plea to retail fraud in the 17th Judicial District in Redford Township. (Def.'s Mot, Ex. 1, Register of Actions.) Defendant states that the Government plans to introduce the nolo contendere plea as evidence to show that Defendant made a false statement in connection with naturalization proceedings and to federal agents.

Defendant asks the Court to exclude the nolo contendere plea and conviction.[1] (Def.'s Mot. at 1.) Defendant argues that Federal Rules of Evidence 410(a)(2) and 803(22) prohibit the Court from admitting the plea at trial. (*Id.*)

Rule 410 prohibits the admission of a nolo contendere plea against the defendant who made the statement in a plea or a plea discussion. Fed.R.Evid. 410(a)(2).

---

[1] At the hearing, Defendant's counsel argued that all the Government had offered to prove the conviction was a Register of Actions, akin to a docket sheet, which, Defense counsel argued, are often riddled with errors. The Government responded that it also had a transcript of the sentencing hearing to prove the conviction. The Government stated that the 17th Judicial District in Redford Township, as a routine matter, destroyed the case files and therefore the Government could not obtain a certified copy of the conviction. The Court finds that the hearing transcript and Register of Actions are sufficient to show the conviction.

Rule 803, the exceptions to hearsay rule, provides that a judgment of a previous conviction is admissible if: (A) the judgment was entered after a trial or guilty plea, but not a nolo contendere plea; (B) the conviction was for a crime punishable by death or imprisonment for more than year; (C) the evidence is admitted to prove any fact essential to the judgment; and (D) when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant. Fed.R.Evid. 803(22).

The Government opposes Defendant's motion. (Dkt. 26.) The Government admits that Rule 410 would preclude the admissibility of the plea, "were the government seeking to use [the plea] at trial." (Gov't's Resp. at 2.) The Government maintains, though, that it is not seeking to admit the plea, but rather seeks to admit the conviction from the plea. (*Id.*) The Government states that the conviction is admissible under Rule 410, even though that the nolo contendere plea is not. (*Id.*)

The Government additionally argues that the Court may also admit the conviction under the Rule 803(8) public records exception "without offending Rule 803(22)." (Gov't's Resp. at 3.)

The Government argues that Rule 803(22) does not apply because it will not use the conviction to prove guilt of the underlying offense or a fact essential to the judgment. (Def.'s Resp. at 3.) Instead, the Government states that it will introduce the conviction "to show the mere fact of a charge and conviction." (*Id.*)

The Court DENIES Defendant's motion to exclude the nolo contendere plea and conviction. The nolo contendere conviction is admissible to show that Defendant had a conviction record that he did not disclose in his naturalization application and during his interview with federal agents.

The Court notes the difference between a nolo contendere plea and conviction that resulted from a nolo contendere plea. A distinction exists between the two. And the Federal Rules's prohibition of the admission of nolo contendere pleas does not automatically apply to convictions based on nolo contendere pleas. Case law supports this decision. *See United States v. Adedoyin*, 369 F.3d 337, 334 (3d Cir. 2004) ("convictions based on pleas of nolo contendere are admissible to prove the fact of conviction. It is true that a plea of nolo contendere is not an admission of guilty and thus the fact that a defendant made such a plea cannot be used to demonstrate that he was guilty of the crime in question." "Nevertheless, a plea of nolo contendere has the same legal consequences as a plea of guilty and results in a conviction.") (citations omitted).

In *Adedoyin*, a California court, in 1981, accepted the nolo contendere plea of the defendant, a Nigerian man. 369 F.3d at 399. As a result of that conviction, the defendant was deported. *Id*. In 1994, the defendant returned to the United States, having obtained a visa under a different name. *Id*. To obtain the visa, the defendant responded "no" to the question whether he had ever had any criminal convictions, and he did not disclose his 1981 California conviction. *Id*. The Government charged the defendant with two counts of improper entry into the United States by an alien, two courts of fraud and misuse of visa, and mail and wire fraud charges. *Id*. During the trial, the Court admitted a certified copy of the 1981 felony conviction over the defendant's Rule 410(2) objection. *Id*. at 340. The Third Circuit affirmed admitting the nolo contendere conviction. *Id*. at 343-44. The court, looking to various other circuits' opinion, held that Rule 410, by its terms, applied to pleas, not convictions. *Id*. The court reasoned "it is true that a plea of nolo contendere is not an admission of guilty and thus the fact that a defendant made such a plea cannot be used to

demonstrate that he was guilty of the crime in question . . . . [n]evertheless, a plea of nolo contendere has the same legal consequences as a plea of guilty and results in a conviction." *Id.* at 344 (citations omitted). The court pointed out that "the prosecution did not seek the admission of a certified copy of [the defendant's] conviction for the purpose of proving that he was in fact guilty of a felony . . . . [but rather to show] that [the defendant] previously had been convicted of a felony which he failed to disclose when he sought entry into the United States." *Id.* (citation omitted). The court further reasoned that "a plea of nolo contendere has the same legal consequences as a plea of guilty and results in a conviction." *Id.* (citation omitted). *See also United States v. Dennis*, 532 F.Supp. 625 (D.C. Mich. 1982) (Joiner, J.) ("A conviction on a plea of nolo contendere 'has as much or little relevancy as if it had been entered on a plea of guilty or after a plea of not guilty, a trial, and conviction. Also it is just as binding upon the defendant as any other judgment of conviction.'") (And noting "[t]here is a difference between a nolo plea and a judgment of conviction[,]" in discussing the interplay between Rule 410 and Rule 609(a).) (citation omitted). *And see Gowens v. Tidwell*, 10-10518, 2013 WL 2285446, at *5 (E.D.Mich. May 23, 2013) (Hood, J.) (citing and applying *Adedoyin* in holding that the defendant's nolo plea in a criminal case was not relevant to his current civil case, but reserving whether the conviction would be admissible for impeachment purposes until trial.).[2]

---

[2]The Government points to *Myers v. Secretary of Health and Human Services*, 893 F.2d 840, 843 (6th Cir. 1990) to argue that the Sixth Circuit has expressly held that a nolo contendere conviction is admissible in court. But, that case, while it noted the difference between a nolo contendere plea and conviction, the court hled that the conviction was admissible during an administrative hearing because Rule 410 did not expressly apply to administrative proceedings. Here, the Court is not an administrative proceeding, so *Myers* does not explicitly apply.

The Court also agrees with the Government that Rule 803(22) does not preclude admitting the Register of Actions showing Defendant's Redford Township conviction. The Government points to *United States v. Breikreutz*, 977 F.2d 214, 221 (6th Cir. 1992). There, the Sixth Circuit discussed and held that Rule 803(22) is not implicated when a party uses a prior conviction to "prove facts such as dates or the length of a criminal sentence, in addressing whether the government could use a third party conviction in a different case to prove facts and dates in the pending case and noting that the government was not using the conviction to prove any part of the judgment in the case. The Court notes that *Breikreutz* was dealing with a factually different issue–the use of a third party's conviction, instead of the accused/defendant's conviction. But the Court finds that the principles there apply here. The Government seeks to use the Register of Actions not to prove that Defendant was guilty of the underlying offenses in the convictions, but rather that he indeed had convictions that he did not reveal in his naturalization proceedings. The Court agrees with the Government and finds that Rule 803(22) does not preclude the admission of the Register of Actions to prove that Defendant had convictions that he did not disclose.

**III. Defendant's motion in limine to preclude the Government from introducing fingerprint evidence**

Defendant has filed a motion to preclude the Government's proposed evidence of the testimony of the matching of Defendant's fingerprints taken in the United States with fingerprints allegedly taken from Defendant in Lebanon. (Dkt. 29, Def.'s Mot.) Defendant argues that Federal Rule of Evidence 702 and *Daubert* require that the Court exclude the fingerprint evidence because the Government has not provided Defendant with "the basis for the anticipated expert opinion or the factors [relied upon] by the expert in reaching [a

7

conclusion.]" (*Id.* at 3) Defendant alternatively requests that the Court prevent an expert witness from testifying that the fingerprints from Lebanon match the rolled prints taken in the United States. (*Id.*)

The Government opposes Defendant's motion. The Government first argues that Defendant cannot complain that the Government did not provide the discovery because Defendant never requested discovery. (Dkt. 30, Gov't's Resp. at 2.) The Government states that Federal Rule of Criminal Procedure 16(a)(1)(G) provides that the Government must give the defendant a written summary of any expert testimony "[a]t the defendant's request." (*Id.*)

The Government represents that it provided Defendant numerous documents over the course of many months, which included two reports from a fingerprint examiner who apparently concluded that he could analyze the fingerprints taken in Lebanon. (Gov't's Resp. at 2.) The Government also represents that, on May 13, 2014, it provided Defendant with the experts's qualifications and brief summaries of their testimony. (*Id.*)

As the Government has shown from case law, "an unspecified challenge to a well-established area of expertise does not warrant a *Daubert* hearing." *United States v. Stone*, 848 F.Supp.2d 714, 717 (E.D.Mich. 2012) (Roberts, J.) (citations omitted). In *Stone*, the court held that the defendants could not attack the "wholesale attack on latent fingerprint identification," when the defendants made no specific challenge to the fingerprint evidence or the methods used for identifying the fingerprints. *Id*. The court stated that "[w]here, as here, the challenged form of expertise [(fingerprint analysis)] is familiar, and no novel objection is raise, justice does not require a pre-trial hearing." *Id*. (citation omitted). In *Stone*, the court denied Defendant's motion without prejudice. The court held that it would

revisit the issue at trial if the defendants raised specific objections to the reasoning and methods of the expert opinions. *Id.* at 719.

Here, Defendant, as the defendant in *Stone*, has made a wholesale attack on the fingerprint evidence, yet has not attacked any methodology or the evidence specifically. The Court therefore finds no reason to differ from the *Stone* opinion. The Court therefore DENIES without PREJUDICE Defendant's motion to preclude the Government from introducing fingerprint evidence. As the Court discussed on the record, Defense counsel will have the opportunity to cross examine any expert about the fingerprints, methods, and conclusions at trial. The Court can revisit these issues during trial, should they arise.

## IV. Conclusion

For the above-stated reasons, the Court denies Defendant's motion to preclude the nolo contendere conviction and denies without prejudice Defendant's motion to preclude fingerprint evidence.

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 20, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 20, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager