UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Fadi Bazzi,

    Defendant.
                                 /

Case No. 13-20893

Honorable Nancy G. Edmunds

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT OR A NEW TRIAL [37]

Currently before the Court is Defendant Fadi Bazzi's motion for a judgment in his favor notwithstanding the verdict, or in the alternative, a new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33. For the reasons set forth below, the Court DENIES Defendant's motion.

### I.    FACTUAL BACKGROUND

Defendant, Fadi Bazzi, on or about July 6, 2009 applied for naturalization after living in the United States for several years. During the application process, Defendant made false statements regarding his criminal history, and regarding his previous provision of false information in support of his initial application for a visa to enter the United States of America.

Specifically, despite the fact that Defendant was both arrested, charged, convicted, and incarcerated in Lebanon, and also arrested, charged, and convicted on a *nolo contendere* plea here in Michigan, he answered "no" to the questions on the application that

asked whether he had ever been arrested, charged, convicted, or incarcerated. Additionally, he answered "no" to the question on the application that asked whether he had ever provided false information in order to receive an immigration benefit, despite the fact that, in 1998, when he was first seeking to emigrate to the United States, Defendant did provide false information on his visa application.

Furthermore, several years later, in 2013 while under arrest at the outset of the instant proceedings, Defendant was interviewed by investigators from the Department of Homeland Security ("DHS"). During that interview, Defendant was asked whether he had ever been arrested, to which he answered "no."

## II. PROCEDURAL HISTORY

Defendant was charged with three counts of making false statements in the context of an immigration application. Defendant was tried and convicted by a jury on all three counts in the First Superseding Indictment ("the Indictment"). As noted, the Indictment contained three counts: Count One alleged that Defendant made false statements in his application for naturalization on or about July 6, 2009 regarding his criminal history; Count Two alleged that Defendant made false statements in his application for naturalization on or about July 6, 2009 regarding whether he previously made false statements to secure a visa for entry into the United States of America, and; Count Three alleged that on or about August 12, 2013 Defendant willfully made materially false statements to criminal investigators from DHS regarding his criminal history.

At trial, evidence conclusively establishing Defendant's arrest, conviction, and term of incarceration in Lebanon, and his arrest, charging, and *nolo contendere* plea conviction in Michigan was presented to the jury. This evidence consisted of official documents

produced by the government of Lebanon, and the State of Michigan. Furthermore, evidence was presented by way of United States Consular documents supporting the allegation that when Defendant applied for a visa to enter the united states, he provided false information regarding his Lebanese criminal record. Finally, Defendant's signed and sworn to application for naturalization, the document wherein Defendant made the false statements charged in Counts One and Two, was also presented to the jury.

As to Count III, the DHS officers to whom Defendant falsely claimed never to have been arrested recounted the August 2013 interview.

After the close of evidence, but before instructing the jury, Defendant's counsel expressed his concern to the Court that the Indictment was multiplicitous, and that due to his failure to point out this defect to the Court prior to trial, his client may not have received effective assistance of counsel. The Government disputed this assertion, and the Court stated on the record that Defendant did, in fact, receive effective assistance of counsel.

Defendant now brings this motion seeking a judgment in his favor notwithstanding the verdict or, in the alternative, a new trial. Additionally, Defendant has filed a notice of appeal, *pro se*.

### III. ANALYSIS

#### A. Standards

Defendant moves this Court both for a verdict in his favor under Federal Rule of Criminal Procedure 29, and for a new trial under Rule 33. These two rules have different standards.

The standard of review on Defendant's Rule 29 motion for a judgment in his favor is as follows:

> Viewing the evidence in the light most favorable to the prosecution, is the evidence such that a reasonable mind might fairly find guilt beyond a reasonable doubt. In reaching this determination, all of the evidence adduced at trial is to be considered. And it must be remembered that circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt.

*United States v. Ashworth*, 836 F.2d 260, 263 (6th Cir. 1988) (internal citations and quotation marks omitted).

As for the Rule 33 standard, the *Ashworth* court went on to endorse a district court's explanation that:

> A Motion for Acquittal and a Motion for New Trial based on the ground that the verdict is against the great weight of the evidence are governed by very different standards. The Motion for New Trial involves a much broader standard of review than a Motion for Acquittal. A verdict may well be against the great weight of the evidence, but, nevertheless, be substantial enough to permit reasonable jurors to draw an inference of guilt. In a Motion for New Trial, the trial judge can consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. It has often been said that he/she sits as a thirteenth juror.
>
> Nevertheless, granting a Fed.R.Crim.P. 33 Motion for New Trial attacking the weight of the evidence is a discretionary matter. The Court should exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict.

*Ashworth*, 836 F.2d at 266. (internal citations omitted).

It is with the above standards in mind that the Court proceeds to the Defendant's arguments.

### B. Defendant's Count Three Conviction Is Supported By Ample Evidence

Defendant addresses Count Three first, arguing that the evidence does not support a finding that the statements he made to the DHS investigators were material, or that he

4

made such statements willfully. Defendant argues that because DHS was already convinced of his guilt, his false statements were not material because the statements did not hinder, influence, or alter DHS's planned course of action on the matter.

Defendant, however, overlooks the definition of materiality that was agreed on by the parties and presented to the jury. The jury was instructed that "[a] 'material' statement or representation is one that has the natural tendency to influence or is capable of influencing a decision or function of the Department of Homeland Security." That definition of materiality has been in use in the Sixth Circuit for more than twenty-five years. *United States v. Chandler*, 752 F.2d 1148, 1151 (6th Cir. 1985) (noting that materiality is established when a false statement has a natural tendency to influence, or was capable of influencing, an agency decision.).

Defendant's position that his statements were not capable of influencing DHS's actions ignores the first half of the definition of materiality, which only requires that the statement have a *natural tendency* to influence decision making. That is to say, the determination of whether something has a "natural tendency" to influence a decision is an inquiry that focuses on the general nature of the statement itself, not the ability of the listener to actually be influenced in a given scenario.

There is irrefutable evidence of Defendant's criminal history both here and in Lebanon. Defendant's statements to the contrary are material because, regardless of the effect it was actually capable of having on DHS in Defendant's specific set of circumstances, a reasonable juror could have found that the natural tendency of such a statement is that it may very well have effected DHS's course of conduct. Indeed, Defendant was likely hoping that the statement would be believed by DHS and thereby put an end to his troubles. To

claim that such a statement is not material would gut the concept of materiality in false statements prosecutions. The logical extension of Defendant's position would result in the meaning of statements being replaced with the state of mind of the recipient of the statements when making materiality determinations. Not only would such an inquiry be cumbersome at best, but Defendant's argument shifts the focus of the inquiry from the statement itself, a concrete linguistic entity capable of relatively efficient and reliable analysis, to the state of mind one or more individuals, an amorphous concept that while not unfamiliar to the law, is also not without its perils.

As to the argument that the Defendant's statements to the DHS investigators were not made willfully, Defendant concedes that one need not know of the specific law or rule one is violating in order to act willfully, rather one need only be aware that the act is forbidden. The DHS investigator who interviewed Defendant testified that he routinely advises those he interviews that it is against the law to lie to him during the interview. Furthermore, circumstantially, Defendant was under criminal investigation for making false statements to the federal government, and a reasonable person would infer that making more false statements may very well be illegal.

There is sufficient evidence, therefore, for a reasonable juror to draw an inference of guilt on Count Three. Defendant's motion under Rule 29 on Count Three, therefore, is DENIED. Also as it pertains to Count Three, seeing as the evidence does not "preponderate heavily against the verdict" the Court will not exercise its discretion under Rule 33, and hereby DENIES Defendant's motion under that rule as well.

**C. Counts One and Two Are Not Multiplicitous**

Defendant next challenges the verdict on the grounds that Counts One and Two of the Indictment are multiplicitous. Regarding multiplicity, the Sixth Circuit has noted that:

> An indictment may not charge a single offense in several counts without violating the rule against "multiplicity." *United States v. Hairrell*, 521 F.2d 1264, 1266 (6th Cir.) cert. denied 423 U.S. 1035, 96 S.Ct. 568, 46 L.Ed.2d 409 (1975). Though it is often stated that the rule against multiplicity prevents the punishment provided for a single offense from pyramiding by a multi-count indictment, *United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir. 1976) cert. denied 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977), "the decision as to unit of punishment is not controlled by the form of the indictment." *United States v. Mamber*, 127 F.Supp. 925, 927 (D.Mass.1955).

*United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981).

Defendant argues that because any single false statement violates the naturalization process, a singe count of false statements is all that should result, regardless of how many individual false statements are made on the application form, and that a holding to the contrary may result in impermissible "piling on" of counts in indictments. Defendant's argument boils down to a transactional one, that is, more than one count should not arise from a single transaction, in this case, the filing of Defendant's naturalization application.

The Government's position is that under the longstanding rule on multiplicity, if multiple charges require distinct proofs, then an indictment is not mulitplicitous if those charges are brought in separate counts, even where the charges arise from the same transaction or subject matter. *See, Blockburger v. United States*, 284 U.S. 299, 304 (1932). The Government argues, therefore, that because Count Two required different proofs from Count One, the counts are not multiplicitous.

The Sixth Circuit has clearly stated that when "multiple counts of false statements involve different questions and different responses, the defendant may properly be convicted of multiple crimes, even if all the false statements relate to the same topic."

7

*United States v. Anderson-Bagshaw*, 509 F. App'x 396, 412 (6th Cir. 2012) cert. denied, 133 S. Ct. 2012, 185 L. Ed. 2d 877 (U.S. 2013). Additionally, and important for the analysis here, is that in *Anderson-Bagshaw*, all of the false statements were made during the same interview.

In this case, Defendant answered several related but distinct questions on the application for naturalization form regarding his criminal history and immigration history. The evidence supports a conclusion that at least six of these questions were answered falsely. The Government decided to separate the questions regarding Defendant's criminal history from those regarding his immigration history and create two counts of false statements addressing the separate topics. Under *Anderson-Bagshaw*, this is a permissible structuring of an indictment.

The Court therefore finds that the charges levied in Counts One and Two of the First Superseding Indictment were not multiplicitous because even though they arise from the same transaction, they arise from separate, distinct questions to which separate, distinct - and false - answers were given, and thus, different proofs were required and provided in sufficient fashion to support a reasonable juror's inference of guilt on the two counts.[1]

---

[1] It bears noting that Count Two sets forth two distinct allegations: one regarding Defendant's false statements in his original application in the 1990s for a visa to enter the United States, and a second allegation regarding the false statements made on the very application for naturalization that is the source of Count One and the first allegation of Count Two. While the second allegation of Count Two is technically accurate, such an allegation poses certain problems, particularly because of its circularity. If the second allegation was the only allegation in Count Two, it would have been impossible for a jury to convict Defendant on Count Two without also convicting on Count One. That is so because the false statements referred to in the second Count Two allegation are in fact the false statements Defendant is charged with in Count One. Therefore, an acquittal on Count One would leave the second Count Two allegation without a prior set of false statements to rely on, which it necessarily requires, as it is essentially a charge of making false

Furthermore, as above, the Court will not exercise its discretion under Rule 33 because the evidence does not "preponderate heavily against the verdict" rendered on Counts One and Two. Thus, the Court hereby DENIES Defendant's motion under both Rule 29 and Rule 33 as it relates to Counts One and Two.

### D. Defendant's Specific Evidentiary Objections

Defendant also specifically points to the testimony regarding his *nolo contendere* plea and regarding testimony concerning marriage fraud as having been impermissibly admitted into evidence. Defendant, however, merely states this objection without further developing it, nor does the Government address it in its response. The Court, therefore, DENIES Defendant's motion on these issues in reliance on its previous rulings made in its Order of May 20, 2014 and on the record during Defendant's trial.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that the evidence submitted to the jury when viewed in the light most favorable to the prosecution supports a reasonable juror's inference of guilt. Furthermore, the Court finds that the evidence did not preponderate so heavily against the verdict as to warrant exercising this Court's discretion to grant a new trial. Additionally, the Court finds that Counts One and Two of the First Superseding Indictment are not multiplicitous. Finally, Defendant's objections to two of the Court's specific evidentiary rulings are not supported by argumentation sufficient to disturb the Court's previous rulings on the issue. Therefore, the Court DENIES Defendant's motion.

SO ORDERED.

---

statements about not having previously made false statements.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: July 2, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2014, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager